IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSIWCK DIVISION

WILSON GORRELL,
        Plaintiff

v                                     Civil No. CV211-129

FEDERAL BUREAU OF PRISONS, et al,
        Defendants

## SUPPLEMENTAL REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 US.C. § 1915

TO THIS HONORABLE COURT,

    HERE COMES NOW, Wilson Gorrell, pro se, the Plaintiff in the above captioned matter to respectfully request the following:

    This claim for relief was filed pursuant to 28 U.S.C. § 1331. The Plantiff at the same time also submitted a prior motion to request appointment of counsel. The Plaintiff would like to supplement and expand on his original motion to request appointment of counsel.

    Although 28 U.S.C. § 1915 does not compel appointment of counsel in every case; appointment of counsel is justified where complaint states a claim for relief, compaintant's indigent, and is presently incarcerated with guarantees his inability to investigate the case and obtain favorable evidence. White v Walsh, 649 F.2d 560 (CA8 Mo., 1981).

    Even if the Plaintiff may have in this instance done an adequate job thus far of presenting his complaint, these are undeniably complex legal issues raised, and effective legal advocacy on behalf of the Plaintiff would be required to resolve these complicated issues. The Plaintiff also

expects, as has been demonstrated, a vigorous defense by all of the Defendants, and anticipates that any necessary discovery undertaken will prove to be very difficult. The fact that the Plaintiff is currently incarcerated makes it extremely difficult for the Plaintiff to manage to even continue to research the issues in a prison environment which is commonly known to be severly overcrowded. The facility the Plaintiff is currently residing in is also significantly overcrowded. The facility has in the Law Library six computer stations for legal research and five typewriters for the preparation of documents, it is very small and completely and fully occupied all of the hours it is in operation. In light of the fact that this case has been brought against BOP officials for various actions in violations of the Plaintiff's constitutional rights would also indicate that at the very least, there stands a chance that further retaliatory acts might be taken to prevent the Plaintiff from continuing, whereas legal representation will afford the Plaintiff a much greater degree of protection from any possible future retaliatory actions.

In addition, everyone benefits when all parties are able to effectively present the proper legal issues and arguments "since appointment of counsel is of benefit to both court and parties as counsel for pro se plaintiff can shorten trial and limit evidence to relevant issues benefiting his client, opposing parties and court, can provide professionally drawn amended complaint eliminating frivolous allegations and irrelevant commentary, and explain applicable legal principles to complaintant and limit litigation to potentially meritorious issues." Knighton v Watkins, (1980, CA5 Miss) 616 F.2d 795, 27 FR Serv 2d 1535, re den (1980, CA5 Miss) 620 F.2d 300.

Furthermore, in Ulmer v Chancellor, the court stated, "District Court shoud consider whether appointment of counsel would be of service to

indigent, to court, and defendant as well, by sharpening issues in case, shaping of witnesses and untimately shortening trial and assisting in just determination." Ulmer v Chancellor (1982, CA5 Miss) 691 F.2d 209.

The Third Circuit opined in Tabron v Grace "extraordinary circumstances are not required for appointment of counsel for indigent in civil cases, instead, court should consider merits of plaintiff's claim, plaintiff's ability to present his or her case, difficulty of legal issues present, degree to which factual investigation will be required, and whether case is likely to turn on credibility determiniations." Tabron v Grace, (1993, CA3 Pa.) 6 F.3d 147, cert den (1994) 510 U.S. 1196, 127 L.Ed.2d 657, 114 S.Ct. 1306.

The Plaintiff would also like to advise the Court that he has not simply left this important matter unattended with the intention to rely solely on the discretion of the Court to provide counsel. Among the agencies the Plaintiff has reached out to for help, two, Lamda Legal and amfAR, indicated a willingness to consider the case. Unfortunately, neither have been able to provide assistance. The Plaintiff has also sent a number of letters to attorneys seeking assistance, and it appears that no lawyer contacted would consider the Plaintiff's claim, possibly due to the Plantiff's status as a prison, and because the actions is against BOP officials.

This circuit and others have previously indicated the propriety of appointing counsel when the Plaintiff has diligently attempted independently to secure representation to no avail. See Application of Miller, (1977, WD Tex) 427 F.Supp 896, 27 BNA FEP Cas 1325 (indicating the sound discretion of the court to cnsider the reluctance of local lawyers to take case); Nelson v Redfield Lithograph Printing (1984, CA8 Neb) 728 F.2d 1003, 34 BNA FEP Cas 87, 33 CCH EPD ¶34167 (indicating court

should satisfy itself that plaintiff has in good faith attempted to retain counsel and been unsuccessful); <u>Bunton v Englemyre</u> (1981, ED Tenn) 557 F.Supp.1 (District Court will exercise its statutory power to request attorney when prisoner makes 3 unsuccessful attempts to engage services of attorney); and <u>Montgomery v Pinchak</u> (2002, CA3 NJ) 294 F.3d 492 (where on review the District Courtwas found to have abused its discretion by refusing to appoint counsel in a complex medical civil rights action where additional investigation, including depositions, was needed, expert testimony was needed regarding deterioration of inmate's medical conditin and inmate could not obtain counsel himself).

WHEREFORE, for the above reasons, the Plaintiff would like to request appointment of counsel when the Court deems it advisable.

RESPECTFULLY SUBMITTED, in Jesup, Georgia, on this the 29 day of February, 2012.

_____
Wilson Gorrell, pro so
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia  31599

## EXHIBIT A

1. Atlanta Legal Aid Society
2. Lambda Legal
3. amfAR
4. Federal Defenders of the Middle District of Georgia
5. Thomas M. West. Esq.
6. A.C.L.U.
7. A.C.L.U. National Prison Project
8. AIDS Law Project
9. AIDS Educational Project
10. Atlanta Legal Aid
11. Washington Lawyers Committee
12. David Lewis Balser, Esq.
13. Mari K. Bonthuis, Esq.
14. Jeffrey Lerner, Esq.
15. Thomas L. Cubbage, III, Esq.
16. The Law Office of the Southern Center for Human Rights

# ATLANTA LEGAL AID SOCIETY, INC.

151 Spring Street, N.W.
Atlanta, Georgia 30303-2097

**John R. Warchol**
**Direct Dial: 404-614-3921**

Client Intake: 404-614-3969
Fax: 404-614-3981

January 17, 2012

Mr. Wilson Gorrell
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia  31599

Dear Mr. Gorrell:

    You recently asked Atlanta Legal Aid to help you with a problem.  Unfortunately, we cannot help you because federal law prohibits Atlanta Legal Aid from assisting a person who is incarcerated in a state or local prison.  Additionally, we serve only those people who live in Atlanta.  However, I am familiar with the problem you describe in your letter, so enclosed is some information that might help you.

    Section 7.4 of the Prescribing Information for Atripla notes that false positive marijuana drug tests can be caused by the medication and it refers to Section 7.2 of the Prescribing Information for Sustiva (Efavirenz).  That section also notes that false positive marijuana drug tests can be caused by the medication.  As further noted in the information, however, the type of test determines whether a positive result is false or accurate.  Therefore, it is crucial to know what test was used to determine your test result.  I also enclosed a portion of some HHS Guidelines that indicate the possibility of false positive marijuana drug test results.  Finally, I enclosed a Brief Report about false positive drug test results for benzodiazepines that can result from efavirenz use.  Although you were not found positive for benzodiazepines, I thought you should be aware of the possibility.  Benzodiazepines include drugs such as alprazolam (Xanax), clonazepam (Klonopin), diazepam (Valium) and lorazepam (Ativan).

    It seems that there is nothing further for us to do for you because we cannot represent you.  A list of some agencies that might be able to help you is on the back of this letter.  I wish you luck with your problem.

Sincerely yours,

John R. Warchol
Attorney at Law

enclosures


Lambda Legal
making the case for equality

December 20, 2011

** CONFIDENTIAL LEGAL CORRESPONDENCE **

Wilson Gorrell #56609-054
Federal Correctional Institution
2600 Hwy 301 South
Jesup, GA 31599

Dear Mr. Gorrell,

Thank you for your patience while we reviewed all the documentation you previously supplied regarding your situation at FCI Jesup with the faulty drug testing results as the result of your HIV medication regimen.

As you are aware, Lambda Legal is a national organization committed to achieving the full civil rights of gay men, lesbians, bisexuals and transgender people, and people living with HIV/AIDS through impact litigation, education, and public policy work. However, we aren't a direct client-services legal organization like Legal Aid and can only take very few cases that fit our mission and are impact litigation opportunities.

We are, of course, very sympathetic to your situation and the inequities of it, but we don't have the resources to take every case that we get calls and letters about, and, unfortunately, we won't be able to represent you, or offer legal advice.

As you might expect, Lambda Legal receives thousands of requests for assistance per year, but due to limited resources and equally limited mission, we are only able to assist with very few of those requests.

I truly regret that we can't be of more direct service to you. Best of luck to you, and please let me know if you could use information on legal organizations who do prison litigation work.

My Best,

Lorraine Fontana

**amfAR**
25
MAKING AIDS HISTORY

Public Policy Office

amfAR, The Foundation for AIDS Research
1150 17th Street, NW, Suite 406
Washington, DC 20036-4622
U.S.A.
t: +1 202.331.8600   f: +1 202.331.8606
www.amfar.org

Kenneth Cole
*Chairman of the Board*
Kevin Robert Frost
*Chief Executive Officer*

**Board of Trustees**
Mathilde Krim, Ph.D.
*Founding Chairman*
Patricia J. Matson
*Vice Chairman*
John C. Simons
*Vice Chairman*
Wallace Sheft, C.P.A.
*Treasurer*
Mervyn F. Silverman, M.D., M.P.H.
*Secretary*

Arlen H. Andelson
Harry Belafonte
David Bohnett
Zev Braun
Jonathan S. Canno
Donald A. Capoccia
R. Martin Chavez, Ph.D.
Jane B. Eisner
T. Ryan Greenawalt
Regan Hofmann
Michael J. Klingensmith
Michele V. McNeill, Pharm.D.
Richard H. Metzner
Edward L. Milstein
Cindy D. Rachofsky
Vincent A. Roberti
Bill Roedy
Alan D. Schwartz
Diana Taylor
Kevin Wendle

**In Memoriam**
Dame Elizabeth Taylor
*Founding International Chairman*
Sheldon W. Andelson, Esq.
Mrs. Albert D. Lasker
Jonathan M. Mann, M.D., M.P.H.
Maxine Mesinger
Natasha Richardson
Allan Rosenfield, M.D.
Peter Scott, Esq.
Tom Stoddard
Joel D. Weisman, D.O.

**Program Advisory Council**
Mervyn F. Silverman, M.D., M.P.H.
*Chairman*
David E. Bloom, Ph.D.*
*Co-Chairman*
Mario Stevenson, Ph.D.*
*Co-Chairman*
*Adjunct Trustee*

Sharon Stone
*Global Fundraising Chairman*

October 17, 2011

Dear Mr. Gorrell,

Thank you for your letter, and please allow me to apologize for the delay in responding.

Since receiving your letter, I have communicated with various AIDS advocacy and prisoner and human rights groups regarding the facts you sent to amfAR in the hope that one of those groups will be able to help, or will know who can. Of note, I have been careful to keep any identifying elements of your case completely confidential.

Currently, my most promising lead is Jeff Graham, Executive Director of Georgia Equality. He is currently reaching out to the Department of Corrections for advice, and to the Southern Center for Human Rights, who has lawyers who interact with issues like your's regularly. I believe it would be useful at this point for Mr. Graham and his connection at the Southern Center for Human Rights to have the same full details of your case that you sent to amfAR. Jeff has worked for many years with the Center on issues around inadequate care for HIV+ inmates. Do I have your permission to forward them copies of the letters you sent?

I am also seeking a good contact with a medical background on the topic of false positives in drug testing due to Atripla. I have provided information on the capacity of Efavirenz (in Atripla or elsewhere) to produce false positives for cannabinoids. As you know, a gas chromatograph/mass spectrometry test is customary for confirmation. I am currently seeking a contact with more expertise in this area, as I have not yet been able to find information about gas chromatograph/mass spectrometry tests and Efavirenz/Atripla, and I realize this is your main concern.

Please let me know if there are any updates that you are comfortable sharing, and whether I may forward copies of the materials you sent to the contacts I detail above.

Sincerely,

*Kate Goertzen*

Kate Goertzen
Research and Policy Assistant
amfAR
kate.goertzen@amfar.org
(202) 331-8600

Encl. Highlights of Prescribing Information, Atripla
Encl. UIC College of Pharmacy Drug Screen Interaction Fact Sheet

**amfAR is dedicated to ending the global AIDS epidemic through innovative research.**



# FEDERAL DEFENDERS OF THE
# MIDDLE DISTRICT OF GEORGIA, INC.

440 Martin Luther King, Jr. Boulevard
Suite 400
Post Office Box 996
Macon, Georgia 31202-0996
Phone: (478) 743-4747 • Fax: (478) 207-3419 • Toll Free: (866) 517-8892

*Executive Director*
Cynthia W. Roseberry

*Senior Litigator*
Christina L. Hunt

*Assistant Federal Defenders*
Catherine M. Leek
D. Nicole Williams
Victor Arturo Arana

*Research & Writing Specialists*
Nancy M. Trasande
Sheila T. Arnum

August 15, 2011

Mr. Wilson Gorrell
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia 31599

Dear Mr. Gorrell,

This responds to your letter dated August 10, 2011. First let me say that I have great empathy for anyone who is abused by our criminal justice system. Despite my empathy, I write to inform you that our office represents criminal defendants whom the court appoints us to represent. Based on the information in your letter it appears you need the assistance of civil counsel.

We wish you the best in your search for justice.

Sincerely,

Cynthia Roseberry
Executive Director

jlg

*Compassionate Service, Zealous Advocacy, Ethical Representation*

August 10, 2011


Wilson Gorrell
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia  31599


Thomas M. West, Attorney at Law
400 Colony Square - #200
1201 Peachtree Street, NE
Atlanta, Georgia  30361




Dear Mr. West,

    I am a Federal Bureau of Prisons inmate currently at the Federal Satellite Low facility in Jesup, Georgia. I am also HIV positive. After almost four years in another BOP facility where I felt it was impossible to protect my medical privacy, I was finally transferred here to Jesup in March, 2010. Soon after I arrived and my initial blood test report came back, I discovered that my viral load was 195,615 and my CD4 was 95. The BOP physician to whom I am assigned who is also the Clinical Director, Dr. Peter Libro in consultation with others, prescribed the antiretroviral therapy ATRIPLA which is comprised of EFAVIRENZ, EMTRICITA and TENOF. Thus far it has been somewhat effective, as of March 9, 2011, the last stats available to me, my viral load was 99 and my CD4 was 178. I still have a long way to go.

    On June 21, 2011 I was told that a urine specimen I supplied on June 14th was returned by the National Toxicology Laboratory as being positive for cannabinoids. A Jesup medical staff, Frank Adair, MLP, promptly verified that the ATRIPLA will result in a false positive for cannabinoids and provided a written statement to that effect. Unfortunately, the Health Services Administrator here, Tom Ellis contradicted this statement without even checking what medications I was prescribed or what the effects may be. As a result of his misguided statement I was locked up in segregation for five weeks. During that time I was found guilty of using narcotics, was denied all of my medications for at least fifteen days of that stay in segregation, was refused copies of any of the "evidence" used to convict me, was refused the required forms to pursue the remedies afforded inmates by federal statute and BOP policy. I found that the staff actually rose above the usual state of apathy and indifference to have actually delibreately obstructed my efforts to resolve this problem. Any requests I made that could have resulted in refuting this charge were met with silence from staff, and any opportunity to have retested the specimen before it had degraded may have already been missed.



AMERICAN CIVIL LIBERTIES UNION OF GEORGIA
1900 The Exchange, Suite 425
Atlanta, GA 30339
info@acluga.org   www.acluga.org

Date: 8/17/11

Dear MR. CORBILL:

    The ACLU of Georgia acknowledges receipt of your request for assistance. We are concerned about the problems faced by jail and prison inmates, but our limited resources only allow us to provide assistance in certain cases. We will keep your correspondence on file, but we cannot offer direct assistance at this time.

    If your complaint is related to prison conditions (mistreatment, poor medical care, etc) you might want to consider filing a grievance with the prison authorities. In general, you must file a grievance first before any outside agency will even consider trying to help. Try to keep copies of your original grievance and any responses from the authorities.

    Please note: The ACLU of Georgia is not a direct legal services provider, and **we are not providing legal advice or undertaking legal representation of you.** We are enclosing a list of organizations concerned about prisoner rights and prison conditions. We suggest that you contact them for possible assistance, and hope that one of them might be able to help.

Sincerely,

Intake Representative


Lambda Legal
making the case for equality

December 29, 2011

** CONFIDENTIAL LEGAL CORRESPONDENCE **

Wilson Gorrell #56609-054
Federal Satellite Low
2600 Hwy 301 South
Jesup, GA 31599


Dear Mr. Gorrell,

The documents you sent us are enclosed. Regarding other agencies that might be able to offer you assistance with your case, I've listed below a few possibilities you might try, if you haven't already, to see if they offer referrals or leads to legal advocates:

AIDS Law Project of Middle Georgia
111 Third Street, Suite 230 Macon, GA 31202-1057
(912) 751-6261, (912) 751-6500 (voice mail)
Fax: (912) 751-6581

AIDS Educational Project
C/o ACLU National Prison Project
915 15th Street, NW, 7th Floor
Washington, DC 20005
(202) 393-4930 | Fax (202) 393-4931

Atlanta Legal Aid Society
AIDS Legal Project
151 Springs Street, NW Atlanta, GA 30303-2097
www.legalaid-ga.org
(404) 614-3969
Fax: (404) 614-3981

Center for HIV Law & Policy Resource finder
http://hivlawandpolicy.org/resource_categories/index


My Best,

Lorraine Fontana
Legal Assistant/Help Desk Specialist

SOUTHERN REGIONAL OFFICE 730 PEACHTREE STREET, NE, SUITE 1070, ATLANTA, GA 30308-1210  T 404-897-1880  F 404-897-1884  WWW.LAMBDALEGAL.ORG

February 14, 2012


Wilson Gorrell
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia  31599



Washington Lawyers' Committee
for Civil Rights & Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC  20036

Dear Sir/Madam,

    I am a Federal Bureau of Prisons inmate at the FSL Jesup, Georgia facility having been incarcerated since 2004, and am scheduled to be released sometime in 2012 or 1014.  Due to recent difficulties, my release date has now been extended.

    I have also been HIV positive since 1997, and shortly after my arrival here at Jesup I was prescribed an antiretroviral therapy ATRIPLA which contains EFAVIRENZ, an ingredient I now know is well documented to produce false-positives for cannabinoids.  After taking the medication for a little more than a year, I was given a drug test which I failed.  I am serving time right now for drugs (meth), and can asure you I have never done any drugs in prison, including marijuana.  Unfortunately, the laboratory the BOP uses n California confirmed the test for cannabinoids.  I was placed in segregation, sanctions with loss of good time and loss of visits, and expelled from the drug program I had just started after waiting more than six years to start.  To make a long story as brief as possible, this has caused numerous problems.  The loss of forty days good time and the loss of a twelve month sentence reduction. The prisonrefused to give me my medications for a good portion of the time I was in segregation, refused to provide grievance forms, and even medical staff here refused to respond to my appeals for help.  That's just for starters.

    I expressed to everyone here, the Warden, the Pharmacist, the Clinical Director among others, that I was now in an untenable psotion of having to choose between taking my medication and risking further punishment, or foregoing the meds and risk serious health consequences.  Already there are documented indicators of the worsening of my health as a result of missing the medications.

I am still taking the same meds after medical refused to respond to my requests to consider changing the medication in light of the problem, and now the institution drug tests me every two to four weeks, and I fail every test. Fortunately, now the same laboratory says it is the medication causing the false-positives.

I have already taken what steps I can to protect myself and resolve this situation.

1. Filed a complaint with the California Department of POublic Health against National Toxicology Laboratories, Inc.

2. Filed a petition for an injunction against the BOP in the Southern District of Georgia, Brunswick Division, Civil Case No.: CV211-129.

3. Filed a Habeas Corpus petition also in Georgia, Case No.: CV211-213.

4. Filed BOP Administrative Remedy grievance regarding the failures of staff including medical and administrative.

The institution has, of course, denied any responsibility whatsoever for any staff failures, going so far as to cover-up their actions and fabricate information about my medical treatment. The U.S. Attorney's office representing the BOP has also put up a vigorous defense thus far, managing to dismiss the petition for injunctive relief as to the BOP, but failing to prevent me from proceeding against the institution's staff individually.

Obviously I am turning to you for help. While I think I am capable to some extent of helping myself, these are complex issues. The laboratory and the BOP both have refused to provide any of the laboratory reports that I believe are essential to proving the lab was n error. And, as time goes on, I believe these prison officials here will undoubtedly come up with other means to try to sto pme. I know I am no match for the resources of the U.S. Attorney's office, I have no legal training, plus I believe the courts treat a litigant with counsel differently than a pro se prisoner in these cases.

It is for these reasons that I have written you, in the hope that you would consider helping me with these legal issues. I have included the two case numbers in the event you will consider my request, you will be able to acces the case documents for more information. Please let me know if I can provide any additional information or answer any questions. I hope you will consider my request, and I look forward to your response.

Sincerely,

Wilson Gorrell

February 14, 2012


Wilson Gorrell
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia   31599



David Lewis Balser, Esq.
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, Georgia   30309


Dear Mr. Balser,

    I am a Federal Bureau of Prisons inmate at the FSL Jesup, Georgia facility having been incarcerated since 2004, and am scheduled to be released sometime in 2012 or 1014. Due to recent difficulties, my release date has now been extended.

    I have also been HIV positive since 1997, and shortly after my arrival here at Jesup I was prescribed an antiretroviral therapy ATRIPLA which contains EFAVIRENZ, an ingredient I now know is well documented to produce false-positives for cannabinoids. After taking the medication for a little more than a year, I was given a drug test which I failed. I am serving time right now for drugs (meth), and can asure you I have never done any drugs in prison, including marijuana. Unfortunately, the laboratory the BOP uses n California confirmed the test for cannabinoids. I was placed in segregation, sanctions with loss of good time and loss of visits, and expelled from the drug program I had just started after waiting more than six years to start. To make a long story as brief as possible, this has caused numerous problems. The loss of forty days good time and the loss of a twelve month sentence reduction. The prisonrefused to give me my medications for a good portion of the time I was in segregation, refused to provide grievance forms, and even medical staff here refused to respond to my appeals for help. That's just for starters.

    I expressed to everyone here, the Warden, the Pharmacist, the Clinical Director among others, that I was now in an untenable psotion of having to choose between taking my medication and risking further punishment, or foregoing the meds and risk serious health consequences. Already there are documented indicators of the worsening of my health as a result of missing the medications.

February 14, 2012


Wilson Gorrell
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia  31599


Mari K. Bonthuis, Esq.
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405


Dear Ms. Bonthuis,

  I am a Federal Bureau of Prisons inmate at the FSL Jesup, Georgia facility having been incarcerated since 2004, and am scheduled to be released sometime in 2012 or 1014.  Due to recent difficulties, my release date has now been extended.

  I have also been HIV positive since 1997, and shortly after my arrival here at Jesup I was prescribed an antiretroviral therapy ATRIPLA which contains EFAVIRENZ, an ingredient I now know is well documented to produce false-positives for cannabinoids.  After taking the medication for a little more than a year, I was given a drug test which I failed.  I am serving time right now for drugs (meth), and can asure you I have never done any drugs in prison, including marijuana.  Unfortunately, the laboratory the BOP uses n California confirmed the test for cannabinoids.  I was placed in segregation, sanctions with loss of good time and loss of visits, and expelled from the drug program I had just started after waiting more than six years to start.  To make a long story as brief as possible, this has caused numerous problems.  The loss of forty days good time and the loss of a twelve month sentence reduction.  The prisonrefused to give me my medications for a good portion of the time I was in segregation, refused to provide grievance forms, and even medical staff here refused to respond to my appeals for help.  That's just for starters.

  I expressed to everyone here, the Warden, the Pharmacist, the Clinical Director among others, that I was now in an untenable psotion of having to choose between taking my medication and risking further punishment, or foregoing the meds and risk serious health consequences.  Already there are documented indicators of the worsening of my health as a result of missing the medications.

February 14, 2012


Wilson Gorrell
Reg. No. 56609-054
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia   31599


Jeffrey Lerner, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC   20004-2401


Dear Mr. Lerner,

  I am a Federal Bureau of Prisons inmate at the FSL Jesup, Georgia facility having been incarcerated since 2004, and am scheduled to be released sometime in 2012 or 1014.  Due to recent difficulties, my release date has now been extended.

  I have also been HIV positive since 1997, and shortly after my arrival here at Jesup I was prescribed an antiretroviral therapy ATRIPLA which contains EFAVIRENZ, an ingredient I now know is well documented to produce false-positives for cannabinoids.  After taking the medication for a little more than a year, I was given a drug test which I failed.  I am serving time right now for drugs (meth), and can asure you I have never done any drugs in prison, including marijuana.  Unfortunately, the laboratory the BOP uses n California confirmed the test for cannabinoids.  I was placed in segregation, sanctions with loss of good time and loss of visits, and expelled from the drug program I had just started after waiting more than six years to start.  To make a long story as brief as possible, this has caused numerous problems.  The loss of forty days good time and the loss of a twelve month sentence reduction.  The prisonrefused to give me my medications for a good portion of the time I was in segregation, refused to provide grievance forms, and even medical staff here refused to respond to my appeals for help.  That's just for starters.

  I expressed to everyone here, the Warden, the Pharmacist, the Clinical Director among others, that I was now in an untenable psotion of having to choose between taking my medication and risking further punishment, or foregoing the meds and risk serious health consequences.  Already there are documented indicators of the worsening of my health as a result of missing the medications.

**THE LAW OFFICE**
— OF THE —
**SOUTHERN**
CENTER FOR
**HUMAN**
**RIGHTS**

83 Poplar Street, NW
Atlanta, GA 30303
P. (404)688-1202
F. (404)688-9440
www.schr.org

Sara J. Totonchi
*Executive Director*

Stephen B. Bright
*President and Senior Counsel*

Charles J. Ogletree
*Harvard Law School*
*Chair, Board of Directors*

February 07, 2012

Wilson Gorrell  (Prison ID # No. 56609-054)
Federal Correctional Institute
PMB 1000
Jesup, GA  35160

Dear Mr. Gorrell,

We received your letter seeking assistance.  The Southern Center for Human Rights is a non-profit public interest law office.  We provide legal representation to people facing the death penalty, challenge patterns of human rights violations in prisons and jails affecting large groups of people, seek through litigation and advocacy to improve legal representation for poor people accused of crimes, and advocate for criminal justice reform in Georgia and Alabama.

We have a small legal staff responding to requests for assistance from people in jail and prison throughout Georgia and Alabama.  We receive about 100 requests for assistance per week.  Due to our existing case obligations and the scope and focus of our work, we cannot represent you or provide you with specific legal advice.  Please find enclosed some general information that may be helpful. We wish you all the best.

Sincerely,


Mary Sidney Kelly
Paralegal