IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,
    Plaintiff

v                                 Civil Action No.: CV211-129

FEDERAL BUREAU OF PRISONS, et al,
    Defendants

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Wilson Gorrell, pro se, the Plaintiff in the above captioned matter has received the Defendant's February 24, 2012 motion without any exhibits, attachments or appendix. The Defendant's motion, which appears deliberately obtuse, meandering and intended to confuse, alleges numerous failings and the Plaintiff believes is simply an attempt to delay these proceedings. It would appear that Defendant's counsel choose to follow the illustration noted by fashioning a motion that could be considered a "reply in kind"; that is "to fight fire with fire". However, the Defendant's motion ignores some very bsic facts.

The Plaintiff's initial pleading was solely for injunctive relief, and the STATEMENT OF FACTS presented in the initial complaint clearly lays out in an organized fasion the events leading to his complaint and request for injunctive relief. Each Defendant's role in those events is specified in this STATEMENT OF FACTS and complaint, with the exception of Defendatn Glenn A. Carrino, whose role was explained in the Plaintiff's later MOTION FOR RECONSIDERATION AS TO COURT'S DENIAL OF G. CARRINO AS A DEFENDANT, filed December 12, 2011 by the Court. The Plaintiff is unfortunately not in possession of the Court's Dockett, otherwise he would refer to the proper docket entries. While the initial complaint was perfectly clear as to the relief requested (injunctive), and what

part each individual named played, it was initially a request for injunctive relief from the Bureau of Prisons, a fact well known to the Defendants.

With the exception of the Plaintiff's request for a temporary restraining order and the Defendant's opposition, the subsequent pleadings are as a result of the Defendant's objections to the BOP as a defendant, also a fact well know to Counsel. The Plaintiff submitted several pleadings in support of retaining the BOP as a proper defendant and to establish the Court's jurisdiction thereof. The Plaintiff has simply responded to the many oppositions that defense counsel has mounted. This being just one more, without any effort to get to the facts of the underlying controversy.

As to the controversey, in an effort to be perfectly clear:

1 - The Plaintiff was wrongly accused and convicted of the use of narcotics while an inmate held at the BOP facility FSL Jesup where all the Defendants are employed.

2 - Defendant Anthony Haynes is the Warden at the facility. Defendant Haynes was aware that the Plaintiff was taking an antiretroviral medication that would cause a false-positive drug test result. Defendant Haynes was aware that Defendant Tom Ellis made false statements regarding the Plaintiff's medication. Defendant Haynes was aware that the Plaintiff's medications were withheld. Defendant Haynes was aware of his administrative, security and medical staff's failures to respond to the Plaintiff's requests for documents, administrative remedy forms, and medications.

3 - Dr. Peter Libero is the physician who prescribed the Plaintiff's antiretroviral medication, and subsequently refused to respond to the Plaintiff's request for information about the medication, to ensure that the Plaintiff receives his mediction while in segregation, or to change his mediction to prevent this action from re-occuring.

4 - Frank Adair, MLP is a medical staff person who at first documentated the fact that the Plaintiff's BOP prescribed medication would result in a false-positive drug test result, and has subsequently refused to provide a copy of that document. Defendant Adair also refused the Plaintiff's reguests for help obtaining his medications or to change his medication.

5 - Nina Watson is the Chief Pharmacist for Jesup and refused to respond to the Plaintiff's request for his medications, or to insure that the medication prescribed was appropriate in a prison environment.

6 - Scott Schleder is the Displinary Hearing Office who failed to take into consideration all the evidence, or lack of evidence, in determining the Plaintiff's guilt. Defendant Scheleder also refused the Plaintiff's requests for copies of the "evidence" he considered.

7 - David Daniels is the person responsible for allowing the Plaintiff access to t he BOP's grievance process; and by preventing the Plaintiff access, denied him the opportunity to file appropriate grievances, in particular, delaying the Plaintiff his medications. Defendant Daniels also failed to fulfill any of his duties in regard to an inmate held in segregation.

8 - K. Lennon also refused the Plaintiff an opportunity to pursue the non-frivolous grievances, in particular, in regard to his medication. Defendant Lennon though also fabricated a BOP Jesup institutional policy as an excuse for refusing the Plaintiff the forms required by BOP olicy and federal regulation.

9 - Glenn A Carrino, in his capacity as Captian is the designated coordinator of the BOP program of drug testing, as was explainted in the Plaintiff's MOTION FOR RECONSIDERATION AS TO COURTS DENIEL OF G. CARRINO AS A DEFENDANT. It was Defendant's counrsel who provided the signed Declaration in regard to his particupation.

As has already been discussed, these Defendant's has demonstrated by their actions and inaction, that they are unwilling or incapable of prevent any further

harm to the Plaintiff. The Defendants have been unresponsive, irresponsible, and have provided false statements in response to the Plaintiff's efforts to resolve this matter. It is clear to the Plaintiff that they cannot be relied on to prevent any further harm to the Plaintiff, in fact, they have indicated that they are unconcerned with any harm that may occur as a result of their actions. The Plaintiff's complaint is for injunctive relief, and it is plain that these Defendants were actors in the controversy leading up to this action. Since it was by the Defendant's actions or inaction, that the Plaintiff was falsely accused and convicted, denied medical treatment, prevented access to the grievance process, and refused important documentation - it would stand to reason that these same actors would play similar roles in any future controversy concerning the Plaintiff's exposure to persecution for taking his BOP prescribed antiretroviral medication.

The Defendant's counsel is disingenuous in the expression of the extensive confusion in the motion for more definite statement. The Defendant's roles are clear. As Defense Counsel is already aware, almost all of the subsequent amendments filed were concerning supporting the BOP as a defendant, they neither added to or detracted from the allegation of facts.

As to Counsel's statement that the defendants were added to the action without linkage, the Defendant's role needed no further explanation, and was apparently obvious to the Court when the Court accepted the Plaintiff's requests to add the named Defendants.

Rather than answer the Complaint, Counsel has again provided an eleventh hour request for delay. In the interim, the Plaintiff continues to be adversly affected by the Defendant's and these delays.

- The Plaintiff is still drug tested every two to four weeks.

- The Plaintiff still tests positive for cannabinoids as long as he continues to take his BOP prescribed medication.

- The Plaintiff continues to live in fear of again being prosecuted for

taking his BOP prescribed medically necessary medications.

_ The Plaintiff continues to be subject to unnecessary retaliatory actions from these same defendants.

- The Plaintiff has now missed to opportunity to successfully complete the court mandated Residential Drug Abuse Program. The group the Plaintiff started with completed and graduated from the program on February 29, 2012. The Plaintiff was expelled from this program as a result of this controversy.

The Plaintiff filed his Petition for injunctive relief seven months ago, the Defendant's have had ample opportunity in which to prepare. This delay is unnecessary and unwarranted. The Plaintiff respectfully requests that the Defendant's MOTION FOR MORE DEFINITE STATEMENT be denied, and that the Defendants answer the complaint immediately. The Plaintiff also requests that he be permitted to proceed to DISCOVERY immediately.

Respectfully Submitted, on this the 7th day of March, 2012.

Wilson Gorrell, pro se
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia  31599