IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WILSON GORRELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) CIVIL ACTION NO. CV211-129<br>ANTHONY HAYNES; SCOTT )<br>SCHLEDER; TOM ELLIS; K. LENNON; )<br>DAVID DANIELS; NINA WATSON; )<br>FRANK ADAIR; PETER LIBERO, M.D.; )<br>and GLENN A. CARRINO, )<br>)<br>Defendants. ) | |

**REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**

In this *Bivens* case seeking injunctive relief, Plaintiff Gorrell has sued 9 Bureau of Prisons employees in their individual and their official capacities, arguing, in addition to his *Bivens* claims, claims (added or enhanced over time) under the Mandamus Act, the Administrative Procedures Act, the All Writs Act, the Americans with Disabilities Act, the Rehabilitation Act, and 18 U.S.C. § 3626. Dkt. ## 1, 25, 30, 30-1, 32, 32-1, & 38, as identified in Order of December 27, 2011, Dkt. # 49.

Defendants' respond herein to Gorrell's opposition to the motion for a more definite statement. Dkt. # 63.

In opposition to Defendants' motion for a more definite statement, Gorrell protests that the roles of Defendants were set forth in his initial pleading, *id.*, page 1, but he ignores the fact that the numerous afore-mentioned causes of actions, save the All Writs Act, were *not* set forth in that initial pleading, and therefore were not linked to any defendant.

Gorrell states that the pleadings which identified these additional causes of action were submitted "in support of retaining the BOP as a proper defendant and to establish the Court's

jurisdiction thereof." *Id.,* page 2, first full paragraph. Later he states that "*almost* all of the subsequent amendments [to the complaint] filed were concerning supporting the BOP as a defendant...." *Id.,* page 4, first full paragraph. This language *suggests* that, inasmuch as the BOP is no longer a defendant in this action (Dkt. # 51), Gorrell *may* be abandoning *some – but not all –* unspecified causes of action and allegations of jurisdiction which he has added during the evolution of his composite complaint. But Defendants are tasked with responding to the composite complaint as directed by the Court, Dkt. # 49, not the one Gorrell *may* be continuing to pursue. Therefore, without the filing of a more-definite-statement amended complaint, Defendants will be tasked with responding to causes of actions and jurisdictional allegations which may or may not have been addressed to some or all of them, and which now may or may not have been abandoned by Gorrell.

Gorrell also ignores the fact that his composite complaint is not in conformity with Rule 10(b)'s *requirement* that claims be set forth in numbered paragraphs and, "if doing so would promote clarity," in separate counts. With the laundry list of causes of action and jurisdictional bases now before the Court, and multiple defendants, it is obvious that separation of the claims into counts would promote clarity. It is undeniable that the composite complaint creates difficulty in drafting responsive pleadings for each of the nine defendants because it deprives them of an ability to reference numbered paragraphs. In this posture, each Defendant will have to guess as to which causes of actions are alleged against him or her, and then respond to the numerous unnumbered lines of this composite complaint by counting the lines and thus describing them. Then all-concerned will have to count the unnumbered lines in order to understand Defendants' responsive pleadings.

The requirements that a plaintiff provide a "a short and plain statement of the claim showing that the pleader is entitled to relief," in allegations that are "simple, concise, and direct," and that are

set forth in numbered paragraphs and in separate counts, are not onerous requirements. Fed. R. Civ. P. 8 & 10.

The multiple Defendants sued here in two capacities pursuant to multiple causes of action set forth in a now 7-document composite complaint are entitled to a more definite statement of – and delineation of – the claims and allegations of jurisdiction as against each of them.

This 8th day of March, 2012.

                                      Respectfully submitted,

                                      EDWARD J. TARVER
                                      UNITED STATES ATTORNEY

                                      /s/ Melissa S. Mundell
                                      Assistant United States Attorney
                                      Georgia Bar No. 529475
                                      Post Office Box 8970
                                      Savannah, Georgia 31412
                                      (912) 652-4422

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing Reply in Support of Motion for More Definite Statement upon all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

This 8th day of March, 2012.

                                                Respectfully submitted,

                                                EDWARD J. TARVER
                                                UNITED STATES ATTORNEY

                                                /s/ Melissa S. Mundell
                                                Assistant United States Attorney
                                                Georgia Bar No. 529475
                                                Post Office Box 8970
                                                Savannah, Georgia  31412
                                                (912) 652-4422