IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Plaintiff,

vs.                                CIVIL ACTION NO.: CV211-129

ANTHONY HAYNES; SCOTT
SCHLEDER; TOM ELLIS; K.
LENNON; DAVID DANIELS;
NINA WATSON; FRANK ADAIR;
PETER LIBERO, M.D.; and
GLENN A. CARRINO,

    Defendants.

## ORDER

Plaintiff Wilson Gorrell ("Gorrell"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed an action under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), naming the Bureau of Prisons ("BOP") as Defendant[1] and seeking injunctive relief under the All Writs Act, 28 U.S.C. § 1651. Gorrell amended his Complaint, which made factual allegations against eight FSL Jesup employees, to add those FSL Jesup employees as Defendants. Gorrell amended his Complaint a second time to make factual allegations against a ninth FSL Jesup employee and to name that ninth employee as a Defendant. Gorrell amended his Complaint a third time to add claims

---

[1] Gorrell's claims against the BOP were dismissed for lack of subject matter jurisdiction. (Doc. No. 51).

pursuant to the Federal Rehabilitation Act and the Americans with Disabilities Act; Gorrell still seeks injunctive relief only.

Defendants filed a Motion for More Definite Statement. (Doc. No. 61). Gorrell filed a Response, and Defendants filed a Reply. Next, Gorrell filed a Motion for Leave to File a Third and Fourth Supplemental Complaint.[2] (Doc. No. 67). Following that, Defendants filed a Supplemental Brief in Support of their Motion for More Definite Statement.

Defendants state that "Gorrell has sued 9 Bureau of Prisons employees in their individual and their official capacities, arguing, in addition to his Bivens claims, claims (added or enhanced over time) under the Mandamus Act, the Administrative Procedures Act, the All Writs Act, the Americans with Disabilities Act, the Rehabilitation Act, and 18 U.S.C. § 3626." (Doc. No. 66, p. 1). Defendants correctly point out that Gorrell's "complaint" now consists of seven different filings.[3] Additionally, Defendants correctly state that Gorrell failed to link his factual allegations against Defendants to causes of action and theories of liability.

Defendants' Motion for More Definite Statement (Doc. No. 61) is **GRANTED**. Gorrell's Motion for Leave to File a Third and Fourth Supplemental Complaint (Doc. No. 67) is **DENIED**. To comply with this Order, Gorrell is instructed to file only one pleading which clearly links factual allegations to certain Defendants. Additionally, Gorrell should link theories of liability to each Defendant. Gorrell is reminded that he must submit "a short and plain statement of the grounds for the court's jurisdiction" and "a short and

---

[2] It should be noted that Gorrell has already amended his Complaint three times, so he has really requested leave to amend a fourth and fifth time.

[3] This does not include the two proposed amendments which Gorrell has sought leave to file.

plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a). Gorrell is instructed to set forth his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). The pleading Gorrell files in response to this Order will supersede all previous pleadings that he has filed. Gorrell shall respond within thirty (30) days of the date of this Order. Gorrell's failure to respond appropriately to this Order could result in the dismissal of his case.

**SO ORDERED**, this 26th day of March, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE