IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV211-129

ANTHONY HAYNES; SCOTT
SCHLEDER; TOM ELLIS; K.
LENNON; DAVID DANIELS;
NINA WATSON; FRANK ADAIR;
PETER LIBERO, M.D.; and
GLENN A. CARRINO,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Wilson Gorrell ("Gorrell"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed an action under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), naming the Bureau of Prisons ("BOP") as Defendant[1] and seeking injunctive relief under the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 1). Gorrell amended his Complaint, which made factual allegations against eight FSL Jesup employees, to add those FSL Jesup employees as Defendants. (Doc. Nos. 25, 30, 30-1). Gorrell amended his Complaint a second time to make factual allegations against a ninth FSL Jesup employee and to name that ninth employee as a Defendant. (Doc. Nos. 30, 30-1,

---

[1] Gorrell's claims against the BOP were dismissed for lack of subject matter jurisdiction. (Doc. No. 51).

AO 72A
(Rev. 8/82)

38). Gorrell amended his Complaint a third time to add claims pursuant to the Federal Rehabilitation Act and the Americans with Disabilities Act. (Doc. Nos. 32, 32-1). At this point, Gorrell still sought injunctive relief only.

Defendants filed a Motion for More Definite Statement. (Doc. No. 61). Gorrell filed a Response, (Doc. No. 63), and Defendants filed a Reply, (Doc. No. 66).

Next, Gorrell filed a Motion for Leave to File a Third and Fourth Supplemental Complaint.[2] (Doc. No. 67). Gorrell's proposed Third Supplemental Complaint seeks to add claims for money damages against the nine current Defendants. Gorrell's Fourth Supplemental Complaint alleges negligence by the United States and the Federal Bureau of Prisons and is filed pursuant to the Federal Tort Claims Act.

Following that, Defendants filed a Supplemental Brief in Support of their Motion for More Definite Statement. (Doc. No. 69). The Court, in an Order dated March 26, 2012, granted Defendants' Motion for More Definite Statement and denied Gorrell's Motion for Leave to File a Third and Fourth Supplemental Complaint. (Doc. No. 71). Three days later, Gorrell's Supplemental Opposition and Reply to Defendant's Motion for More Definite Statement was docketed. (Doc. No. 73).

Gorrell filed a Motion for Reconsideration asking the undersigned to vacate the Order dated March 26, 2012. (Doc. No. 74). Defendants filed a Response in Opposition to Gorrell's Motion for Reconsideration. (Doc. No. 75). In an Order dated April 5, 2012, the undersigned denied Gorrell's Motion for Reconsideration. On that same date, a Notice of Hearing was issued, and a hearing was set for April 12, 2012.

---

[2] It should be noted that Gorrell has already amended his Complaint three times, so he has really requested leave to amend a fourth and fifth time.

A hearing was held on April 12, 2012. Following the hearing, and while the undersigned was preparing the instant Order, Gorrell filed a Request for Clarification, which was docketed as a motion. This Order satisfies Gorrell's request, and his Motion for Clarification is dismissed as moot.

At the April 12 hearing, Gorrell was given the opportunity to clarify his claims against each Defendant. His oral statements at the hearing constitute his more definite statement, which he was instructed, by the March 26, 2012, Order, to provide. Because Gorrell was afforded the opportunity to verbalize, in full, each of his allegations against each Defendant, the claims made by Gorrell at the hearing supersede the written pleadings that have been served as his Complaint, (Doc. Nos. 1, 25, 30, 30-1, 32, 32-1, 38).

To be clear, Gorrell has sued each of the nine Defendants ostensibly under: (1) Bivens; (2) the Federal Rehabilitation Act; and (3) the Americans with Disabilities Act. Gorrell seeks injunctive relief pursuant to the All Writs Act. Additionally, the Court grants Gorrell's request to add claims for monetary damages against all Defendants.[3]

The Court of Appeals for the Eleventh Circuit has held that individuals are not liable under the Rehabilitation Act or the Americans with Disabilities Act. Badillo v. Thorpe, 158 F. App'x 208, 211 (11th Cir. 2005); see also Rylee v. Chapman, 316 F. App'x 901, 905 (11th Cir. 2009) (holding that there is no individual liability under the Americans with Disabilities Act). As a result, Gorrell may not maintain a cause of action under the Rehabilitation Act or the Americans with Disabilities Act against the named

---

[3] In what he titled his Third Supplemental Complaint, which has never been docketed, Gorrell sought to add claims for monetary damages. Gorrell was previously not allowed to amend his Complaint with the document he titled his Third Amended Complaint. (Doc. No. 71). However, now that Gorrell's allegations and theories of liability are clearer, the Court sees no harm in adding claims for monetary damages.

Defendants. Gorrell's claims under the Rehabilitation Act and the Americans with Disabilities Act against all Defendants should be **dismissed**.

The following is a list of allegations that Gorrell has brought against each Defendant under Bivens.

(1) Warden Haynes: Gorrell alleges that Warden Haynes is responsible for overseeing the prison and is in charge of all of the other Defendants. Gorrell alleges that Warden Haynes failed to respond to his cop outs. Gorrell also alleges that Warden Haynes was aware that Gorrell was not getting prescribed medication, that Warden Haynes was aware that other Defendants did not respond to Gorrell's cop outs requesting grievance forms, that Warden Haynes was aware that the chief pharmacist did not respond to cop outs regarding Gorrell's medication, and that Warden Haynes was aware that the physician who prescribed Gorrell's medication was not responding to Gorrell. Gorrell alleges that he made Warden Haynes aware of all deficiencies he faced, and that Warden Haynes did not take any corrective action. Finally, Gorrell alleges that Warden Haynes' responses to Gorrell's formal remedy process grievances were fabricated.

(2) Schleder: Gorrell alleges that Schleder, as the disciplinary hearing officer, only took into account evidence that favored the conviction against him. Additionally, Gorrell alleges that Schleder refused to give him copies of the evidence used in the disciplinary hearing. Finally, Gorrell alleges that, in response to a formal grievance, Schleder denied that Gorrell ever asked for the evidence.

(3) Ellis: Gorrell alleges that Ellis, as Health Services Administrator, initially made the allegedly inaccurate statement that Gorrell's medication would not result in a false

AO 72A
(Rev. 8/82)

positive on a drug test. Gorrell also alleges that, as the supervisor of health services, it is Ellis' responsibility to ensure that the pharmacy operates properly, which, according to Gorrell, the pharmacy failed to do.

(4) Lennon: Gorrell alleges that Lennon, as unit manager, is aware that there are policies in place that the members of his team are supposed to follow. Gorrell avers that he made Lennon aware of alleged violations of policies by Daniels. Gorrell also alleges that Lennon told him that he could only have one formal grievance form when he needed several.

(5) Daniels: Gorrell alleges that Daniels, as a counselor, was responsible for visiting him on a regular basis while he was in segregation. Gorrell avers that Daniels never visited him while he was in segregation. Additionally, Gorrell alleges that Daniels failed to answer several cop outs.

(6) Watson: Gorrell alleges that Watson, as the chief pharmacist, is responsible for ensuring that all medications are appropriate. Gorrell avers that his medicine caused a false positive on a drug test and that security should have been informed of that potential issue. Gorrell also alleges that Watson did not respond to Gorrell's cop outs wherein he informed her that he was not getting his medicine.

(7) Adair: Gorrell alleges that Adair, as the mid-level practitioner in the medical department, wrote a memo confirming that Gorrell's medication would result in a false positive on a drug test. Gorrell alleges that when Adair came to his disciplinary hearing, Adair did not bring the memo. Gorrell further alleges that Adair refused to give him a copy of the memo. Gorrell alleges that when he filed a formal grievance concerning the

) 72A
cv. 8/82)

memo, Adair denied its existence. Finally, Gorrell alleges that Adair made an inappropriate statement to him.

(8) Dr. Libero: Gorrell alleges that Dr. Libero did not respond to cop outs. Gorrell avers that he informed Dr. Libero that he was not getting his medication. Gorrell further alleges that Dr. Libero never visited him while he was in segregation; Gorrell states that this was a violation of Bureau of Prisons policy. Finally, Gorrell alleges that he wrote a cop out to Dr. Libero requesting a change in medication, and Dr. Libero never responded.

(9) Carrino: Gorrell alleges that Carrino is in charge of the drug testing program in the Bureau of Prisons. Gorrell alleges that Carrino oversaw the investigation against him and failed to reveal to Schleder that 80 inmates in Gorrell's unit were drug tested and that testing resulted in a finding of no co-conspirators. Gorrell alleges that Carrino also failed to reveal to Schleder that no physical evidence of drugs was found on Gorrell. Finally, Gorrell alleges that Carrino followed a Bureau of Prisons policy that does not allow re-testing a specimen. It is Gorrell's position that Carrino should have allowed a re-test of his specimen.

Gorrell seeks injunctive relief in the form of the Defendants following Bureau of Prisons policies that are in place to protect him. Additionally, he wants the positive drug test that led to the disciplinary proceedings against him to be expunged from his record. As noted above, Gorrell also seeks monetary damages.

A copy of this Order shall be served upon Melissa Stebbins Mundell and Scott Robert Grubman, attorneys for Defendants. In lieu of responding to the previously-served Complaint, the Defendants shall answer the allegations stated verbally by

Gorrell and chronicled in the transcript from the April 12, 2012, hearing. Defendants shall submit their Answer within twenty (20) days of the date of the filling of the hearing transcript.

**SO ORDERED and REPORTED and RECOMMENDED**, this 26th day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE