IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2012 JUN 26 PM 4: 26

WILSON GORRELL,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV211-129

ANTHONY HAYNES; SCOTT
SCHLEDER; TOM ELLIS; K.
LENNON; DAVID DANIELS;
NINA WATSON; FRANK ADAIR;
PETER LIBERO, M.D.; and
GLENN A. CARRINO,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Wilson Gorrell ("Gorrell"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed an action under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Gorrell seeks injunctive relief under the All Writs Act, 28 U.S.C. § 1651, in the form of the Defendants following Bureau of Prisons ("BOP") policies that are in place to protect him; specifically Gorrell wants the Court to enjoin Defendants from initiating disciplinary action against him as a result of any future positive drug tests. Additionally, he wants the positive drug test that led to the disciplinary proceedings against him to be expunged from his record. Finally, Gorrell also seeks monetary damages from each Defendant. Defendants filed a Motion to Dismiss. Gorrell filed a Response, and

Defendants filed a Reply. For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE[1]

Following a hearing conducted by a Disciplinary Hearing Officer, Gorrell was found guilty of testing positive for cannabinoids via a urine test. (Doc. No. 1, p. 6). As a result, Gorrell was subjected to discipline in the form of assignment to the Special Housing Unit (also known as "segregation"), loss of good conduct time, and loss of visitation rights for one year with permanent loss of visits from anyone not an immediate family member. Id. Gorrell alleges that medication he was taking, ATRIPLA, caused a false-positive drug test result for cannabinoids. (Doc. No. 1, p. 3). Gorrell states that he has tried numerous times to inform BOP personnel of the effects of ATRIPLA. (Doc. No. 1, pp. 4–9). Gorrell's claims against each Defendant, as stated at the April 12, 2012, hearing and chronicled in this Court's Order dated April 26, 2012, (Doc. No. 101), stem from the disciplinary actions taken against him and the resultant time in segregation.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient

---

[1] At a hearing on April 12, 2012, Gorrell was given the opportunity to clarify his claims against each Defendant. His oral statements at the hearing constitute his more definite statement, which he was instructed, by a March 26, 2012, Order, to provide. Because Gorrell was afforded the opportunity to verbalize, in full, each of his allegations against each Defendant, the claims made by Gorrell at the hearing superseded the written pleadings that had previously been served as his Complaint. (Doc. No. 101, p. 3). However, the background information explaining the situation leading to the claims Gorrell verbalized at the hearing are found in Gorrell's original Complaint. That document, (Doc. No. 1), will be used for the purpose of providing that background information.

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

## DISCUSSION AND CITATION TO AUTHORITY

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

3

Id. at 486–87 (footnote omitted) (emphasis in original).² "The Supreme Court has applied Heck to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of lost good-time credits." Richards v. Dickens, 411 F. App'x 276, 278 (11th Cir. 2011) (citing Edwards v. Balisok, 520 U.S. 641, 646 (1997)). "[I]f good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence." Id. In Richards, the Court of Appeals for the Eleventh Circuit held that because Richards' § 1983 claims were at odds with the prison disciplinary actions against him, "[a]bsent expungement or invalidation of those disciplinary actions, Richards' claims [were] barred by Heck." Id. The court made clear that "[b]ecause Richards' § 1983 excessive force and conspiracy claims necessarily imply the invalidity of the disciplinary actions that deprived him of good-time credits, he cannot pursue those claims under § 1983." Id. at 279.

Gorrell wants the Court to enjoin Defendants from initiating disciplinary action against him as a result of any future positive drug tests. Additionally, he wants the positive drug test that led to the disciplinary proceedings against him to be expunged from his record. Finally, Gorrell also seeks monetary damages from each Defendant. Successfully obtaining any of these remedies would necessarily imply the invalidity of the disciplinary action that deprived him of good-time credits. Consequently, Gorrell cannot pursue his claims unless that disciplinary action has been invalidated.

---

² "A Bivens action is analogous to complaints brought against state actors under 42 U.S.C. § 1983, and courts generally apply § 1983 law in Bivens actions. . . . Heck applies to Bivens claims." Salazar v. U.S. Attorney Gen., 2012 WL 1570855 *2 (11th Cir. May 7, 2012) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)).

Gorrell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to have the relevant disciplinary charge expunged, forty days of good conduct time restored, additional good conduct time equal to the number of days he spent in disciplinary segregation, and either reinstatement in the Residential Drug Addiction Program ("RDAP") group from which he was expelled or a one-year reduction of sentence he claims he would otherwise have earned. Gorrell v. Haynes, CV211-213. The Court denied his petition on the merits finding that he was not entitled to his requested relief because the disciplinary actions against him did not violate his due process rights, as he had argued. Id.

Because the disciplinary action that deprived Gorrell of good-time credits and led to the allegations in the instant case has not been invalidated, Gorrell cannot pursue his Bivens claims. Defendants' other arguments raised in their Motion to Dismiss do not need to be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Gorrell's claims against all Defendants be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 26th day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)