

FILED
U.S. DISTRICT COURT

2012 JUL 23 PM 1:02

CLERK C. Robinson
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Plaintiff,

vs.                                      CIVIL ACTION NO.: CV211-129

ANTHONY HAYNES; SCOTT
SCHLEDER; TOM ELLIS; K.
LENNON; DAVID DANIELS;
NINA WATSON; FRANK ADAIR;
PETER LIBERO, M.D.; and
GLENN A. CARRINO,

    Defendants.

## ORDER

Plaintiff Wilson Gorrell ("Gorrell") filed Objections to the Magistrate Judge's Report dated June 26, 2012, which recommended that Defendants' Motion to Dismiss be granted. Defendants filed an "Opposition to Plaintiff's Objections." After an independent and de novo review of the record, the undersigned agrees with the Magistrate Judge's Report and Recommendation in part.

The Magistrate Judge determined that Gorrell's claims should be dismissed because they are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held:

AO 72A
(Rev. 8/82)

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (footnote omitted) (emphasis in original).[1] As noted by the Magistrate Judge, "[t]he Supreme Court has applied Heck to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of lost good-time credits." Richards v. Dickens, 411 F. App'x 276, 278 (11th Cir. 2011) (citing Edwards v. Balisok, 520 U.S. 641, 646 (1997)). "[I]f good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence." Id. In Richards, the Court of Appeals for the Eleventh Circuit held that because Richards' § 1983 claims were at odds with the prison disciplinary actions against him, "[a]bsent expungement or invalidation of those disciplinary actions, Richards' claims [were] barred by Heck." Id. The court made clear that "[b]ecause Richards' § 1983 excessive force and conspiracy claims necessarily imply the invalidity of the disciplinary actions that deprived him of good-time credits, he cannot pursue those claims under § 1983." Id. at 279. The Magistrate Judge

---

[1] "A Bivens action is analogous to complaints brought against state actors under 42 U.S.C. § 1983, and courts generally apply § 1983 law in Bivens actions. . . . Heck applies to Bivens claims." Salazar v. U.S. Attorney Gen., 2012 WL 1570855 *2 (11th Cir. May 7, 2012) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)).

2

O 72A
Rev. 8/82)

determined that as to Gorrell "[s]uccessfully obtaining any of [his sought] remedies would necessarily imply the invalidity of the disciplinary action that deprived him of good-time credits." (Doc. No. 115, p. 4). The Magistrate Judge concluded that "[b]ecause the disciplinary action that deprived Gorrell of good-time credits and led to the allegations in the instant case has not been invalidated, Gorrell cannot pursue his Bivens claims." (Doc. No. 115, p. 5).[2]

In his Objections, Gorrell argues that "the Court hasn't indicated in any way how prevailing on any of the alleged constitutional violatins [sic] (or negligence claims)[3] would necessarily invalidate the disciplinary action; nor has the Court made clear as a matter of law that prevailing on any of the alleged Constitutional violations would necessarily affect the duration of the Plaintiff's confinement." (Doc. No. 121, p. 18). With respect to the disciplinary actions taken against him, Gorrell argues that he was "wrongly accused and convicted in a disciplinary action for the use of illicit drugs based on a statement from the FBOP contracted laboratory, National Toxicology Laboratories, Inc. (NTL) that the Gas Chromagraphy/Mass Spectrometry (GC/MS) confirmatory test

---

[2] The Magistrate Judge cited the denial of Gorrell's 28 U.S.C. § 2241 petition in support of his determination that the disciplinary action has not been invalidated. (Doc. No. 115, p. 5). Throughout his lengthy Objections, Gorrell states that the Magistrate Judge presumed that Gorrell's appeal of the denial of his § 2241 petition is without merit. The Magistrate Judge made no statement or assumption regarding Gorrell's appeal of the denial of his § 2241 petition. The fact is, the disciplinary action that led to the allegations in the instant case has not been invalidated.

[3] Throughout his Objections, Gorrell questions whether his Federal Tort Claims Act claims are pending. They are not. Gorrell's Federal Tort Claims Act claims were brought in his Fourth Supplemental Complaint. Gorrell was denied leave to amend his action to include the claims brought in his Fourth Supplemental Complaint. (Doc. No. 71). In that same document, Gorrell was denied leave to amend his action to include the claims brought in this Third Supplemental Complaint. (Id.). Gorrell was later allowed to bring the claims found in his Third Supplemental Complaint. (Doc. No. 101, p. 3). But he was never allowed to bring the Federal Tort Claims Act claims set forth in his Fourth Supplemental Complaint.

3

was positive for cannabinoids/THC metabolic."[4] (Doc. No. 121, p. 1). That disciplinary action resulted in the loss of good-time credits, which, by necessity, lengthened his stay in prison. Gorrell has sued nine (9) Defendants—some for their involvement in the disciplinary action taken against him. Gorrell originally sought a permanent injunction to prevent disciplinary action based on future positive drug tests without corroborating evidence. Gorrell later amended his claims to add claims for monetary damages against each Defendant. In order for Gorrell to be successful on his claims for monetary damages, there would have to be a determination that Defendants violated Gorrell's rights. If Gorrell's rights were violated via the disciplinary action taken against him, the invalidity of that action would be implied. Similarly, issuance of the requested injunction, prohibiting future disciplinary action based on positive drug tests without corroborating evidence, would imply that the evidence used to adjudicate Gorrell's guilt was insufficient. That surely would imply the invalidity of the disciplinary action taken against him.

Gorrell also contends, in his Objections, citing Wilkinson v. Dotson, 544 U.S. 74, 78–82 (2005), that Heck does not bar prospective injunctive relief. It is true that in Wilkinson the Court analyzed Wolff v. McDonnell, 418 U.S. 539 (1974), stating that Wolff determined that inmates can use § 1983 to obtain an injunction enjoining the prospective enforcement of invalid prison regulations because victory for the prisoner would not necessarily result in a shorter period of incarceration. Wilkinson, 544 U.S. at 79–80. However, the Wilkinson Court was careful to note that the Wolff Court stated that such relief was allowed because the prisoner attacked only the wrong procedures,

---

[4] Gorrell discusses at length the denial of his request for a subpoena to be issued to NTL. This is not the proper forum for combating that denial.

4

and not the wrong result (i.e., the denial of good-time credits). Id. at 80. The Wilkinson Court also discussed its previous decision in Edwards, wherein the prisoner sought a declaration that the procedures employed by state officials to deprive him of good-time credits violated due process, damages for the use of unconstitutional procedures, and an injunction to prevent future violations. Id. at 80 (describing the claims in Edwards). The Edwards Court, citing Heck, barred the claims for declaratory relief and monetary damages, but allowed the claim for an injunction to proceed. Id. at 80–81 (describing the holding in Edwards). However, as in Wolff, the prisoner in Edwards challenged only the disciplinary procedures, and not the result. Edwards, 520 U.S. at 647 (the prisoner conceded that the record contained ample evidence to support the disciplinary action taken against him). Similarly, the prospective relief requested by the prisoners in Wilkinson, injunctions requiring use of the proper parole guidelines, would not necessarily challenge the result of previous parole hearings—parole could still be denied under the proper guidelines. Gorrell's case is distinguishable. Gorrell has, throughout the course of the instant litigation—including in his Objections, maintained his innocence of the charges brought in the disciplinary action taken against him; Gorrell challenges the result, not just the proceedings. The Court in Wilkinson summarized the situation as follows: a "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81–82 (emphasis in original). Gorrell asserts that he was improperly disciplined for illicit drug use. Gorrell seeks monetary damages to

compensate him for violations of his constitutional rights and injunctive relief requiring positive drug tests to, in the future, be verified by corroborating evidence prior to resulting in disciplinary action. As explained previously in this Order, such relief, even the prospective injunctive relief, if granted, would necessarily imply the invalidity of the disciplinary action taken against him, which deprived him of good-time credits that implicate the duration of his confinement.

Additionally, Gorrell argues that "[t]he Magistrate Judge's Report & Recommendation is a sweeping overly broad pronouncement addressing all the Plaintiff's allegations as if the one and only argument concerns the Plaintiff's allegation of being falsely accused and convicted of illicit drug use in prison." (Doc. No. 121, p. 8). The Court agrees. The Magistrate Judge's Report recommends dismissal of all of Gorrell's claims based on Heck. Gorrell has sued nine (9) Defendants—some for their involvement in the disciplinary action taken against him and some for constitutional violations that allegedly occurred while Gorrell was housed in segregation following the disciplinary action. Under Heck and Richards, if success on his Bivens claims would imply the invalidity of the not-invalidated disciplinary action, those claims are barred. Some of Gorrell's claims are, as the Magistrate Judge determined, barred by Heck; some of Gorrell's claims are not.

Gorrell's claim for prospective injunctive relief is barred by Heck for the reasons explained above. That claim, to the extent that it is a Bivens claim brought against Defendants, is **DISMISSED**. It can also be noted that Gorrell's claim for prospective injunctive relief, if allowed to continue, would be denied by this Court. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on

the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of St. Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Gorrell cannot establish the burden of persuasion with regard to the third and fourth requisites. "Unless perhaps in extreme cases, the courts should not interfere with the conduct of a prison or its discipline." Walker v. Blackwell, 360 F.2d 66, 67 (5th Cir. 1966) (citation omitted). The disciplinary action taken against Gorrell was not invalidated via his 29 U.S.C. § 2241 petition. Gorrell v. Haynes, CV211-213. Therefore, the Court does not find this to be an "extreme case" warranting judicial interference with future prison disciplinary action. The potential for Gorrell to receive discipline due to positive drug tests in the future does not outweigh the harm caused by the Court's interference in prison functions.

Gorrell's claims for monetary damages against each Defendant in their official capacities are **DISMISSED**. See Thibeaux v. U.S. Attorney Gen., 275 F. App'x 889 (11th Cir. 2008); United States v. 1461 W. 42nd St., Hialeah, Fla., 251 F.3d 1329 (11th Cir. 2001). Gorrell's claims for monetary damages against each Defendant in their individual capacities are assessed as follows:

(1) Warden Haynes: To the extent that Gorrell's allegation that "Warden Haynes is responsible for overseeing the prison and is in charge of all of the other Defendants,"

7

(Doc. No. 101, p. 4), is an allegation relating to the disciplinary action, this allegation is **DISMISSED**. To the extent that Gorrell's allegation that "Warden Haynes is responsible for overseeing the prison and is in charge of all of the other Defendants," (Id.), relates to Gorrell's claims that do not stem from the disciplinary action, this claim shall remain pending. All other claims against Warden Haynes stem from Gorrell's time in segregation, not the disciplinary proceedings. Success on the merits of the allegations stemming from Gorrell's time in segregation will not necessarily imply the invalidity of the disciplinary action taken against him. Those claims will remain pending.

(2) Schleder: Gorrell's allegation that "Schleder, as the disciplinary officer, only took into account evidence that favored the conviction against him," (Id.), is an allegation relating to the disciplinary action and is **DISMISSED**. Gorrell's other claims against Schleder, if successful, will not necessarily imply the invalidity of the disciplinary action taken against him. Those claims will remain pending.

(3) Ellis: Ellis is entitled to absolute immunity from all of Gorrell's claims. Gorrell's allegations against Ellis relate to actions allegedly taken by Ellis in his capacity as Health Services Administrator. Ellis is a member of the Public Health Service. (Doc. No. 104-1, p. 2). As a member of the Public Health Service, Ellis is entitled to absolute immunity from damage for injuries resulting from the performance of medical functions. See 42 U.S.C. § 233(a); Hui v. Castaneda, 130 S. Ct. 1845, 1851 (2010). Ellis is **DISMISSED** as a Defendant in this case.

(4) Lennon: Gorrell's allegations against Lennon, if successful, will not necessarily imply the invalidity of the disciplinary action taken against him. Those claims will remain pending.

(5) Daniels: Gorrell's allegations against Daniels, if successful, will not necessarily imply the invalidity of the disciplinary action taken against him. Those claims will remain pending.

(6) Watson: Gorrell's claim that "his medicine caused a false positive on a drug test and that security should have been informed of that potential issue," (Doc. No. 101, p. 5), is an allegation relating to the disciplinary action and is **DISMISSED**. Gorrell's claim that "Watson, as the chief pharmacist, is responsible for ensuring that all medications are appropriate," (Id.), to the extent that it is an allegation relating to the inappropriateness of the medication because it allegedly causes false positive drug tests, is **DISMISSED** because it is an allegation relating to the disciplinary action. Gorrell's claim that "Watson, as the chief pharmacist, is responsible for ensuring that all medications are appropriate," (Id.), to the extent that it is an allegation relating to the inappropriateness of the medication for some other reason, will remain pending. Gorrell's other claim against Watson, if successful, will not necessarily imply the invalidity of the disciplinary action taken against him. That claim will remain pending.

(7) Adair: All of Gorrell's allegations against Adair stem from the disciplinary action and/or Gorrell's assertion that his medication causes false positive on drug tests. Success on the merits of these allegations will imply the invalidity of the disciplinary action taken against Gorrell. Adair is **DISMISSED** as a Defendant in this case.

(8) Dr. Libero: Gorrell's allegations against Daniels, if successful, will not necessarily imply the invalidity of the disciplinary action taken against him. Those claims will remain pending.

(9) Carrino: All of Gorrell's allegations against Carrino stem from the disciplinary action taken against him. Success on the merits of these allegations will imply the invalidity of the disciplinary action taken against Gorrell. Carrino is **DISMISSED** as a Defendant in this case.

To be clear, the claims that remain pending are for money damages against the following Defendants in their individual capacities based on the following allegations:

(1) Warden Haynes: Gorrell alleges that Warden Haynes is responsible for overseeing the prison and is in charge of all of the other Defendants.[5] Gorrell alleges that Warden Haynes failed to respond to his cop outs. Gorrell also alleges that Warden Haynes was aware that Gorrell was not getting prescribed medication, that Warden Haynes was aware that other Defendants did not respond to Gorrell's cop outs requesting grievance forms, that Warden Haynes was aware that the chief pharmacist did not respond to cop outs regarding Gorrell's medication, and that Warden Haynes was aware that the physician who prescribed Gorrell's medication was not responding to Gorrell. Gorrell alleges that he made Warden Haynes aware of all deficiencies he faced, and that Warden Haynes did not take any corrective action. Finally, Gorrell alleges that Warden Haynes' responses to Gorrell's formal remedy process grievances were fabricated.

(2) Schleder: Gorrell alleges that Schleder refused to give him copies of the evidence used in the disciplinary hearing. Gorrell also alleges that, in response to a formal grievance, Schleder denied that Gorrell ever asked for the evidence.

---

[5] This claim remains pending to the extent that it is not related to the disciplinary action taken against Gorrell.

(3) Lennon: Gorrell alleges that Lennon, as unit manager, is aware that there are policies in place that the members of his team are supposed to follow. Gorrell avers that he made Lennon aware of alleged violations of policies by Daniels. Gorrell also alleges that Lennon told him that he could only have one formal grievance form when he needed several.

(4) Daniels: Gorrell alleges that Daniels, as a counselor, was responsible for visiting him on a regular basis while he was in segregation. Gorrell avers that Daniels never visited him while he was in segregation. Additionally, Gorrell alleges that Daniels failed to answer several cop outs.

(5) Watson: Gorrell alleges that Watson, as the chief pharmacist, is responsible for ensuring that all medications are appropriate.[6] Gorrell also alleges that Watson did not respond to Gorrell's cop outs wherein he informed her that he was not getting his medicine.

(6) Dr. Libero: Gorrell alleges that Dr. Libero did not respond to cop outs. Gorrell avers that he informed Dr. Libero that he was not getting his medication. Gorrell further alleges that Dr. Libero never visited him while he was in segregation; Gorrell states that this was a violation of Bureau of Prisons policy. Finally, Gorrell alleges that he wrote a cop out to Dr. Libero requesting a change in medication, and Dr. Libero never responded.

Gorrell's Objections to the Magistrate Judge's Report and Recommendation are **sustained**, in part, as explained above. The Report and Recommendation of the

---

[6] This claim remains pending to the extent that it is not related to the disciplinary action taken against Gorrell.

Magistrate Judge is adopted, in part, as supplemented herein, as the opinion of the Court. Plaintiff's claims are **DISMISSED** as explained above.

**SO ORDERED**, this 23 day of July, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA