

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILSON GORRELL,

    Plaintiff,

vs.                                      CIVIL ACTION NO.: CV211-129

ANTHONY HAYNES; SCOTT
SCHLEDER; K. LENNON;
DAVID DANIELS; NINA WATSON;
and PETER LIBERO, M.D.,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Wilson Gorrell ("Gorrell"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed the instant action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The action currently consists of claims for monetary damages against six (6) employees of FSL Jesup in their individual capacities. Before the Court is Defendants' Renewed Motion to Dismiss, to which Gorrell filed a Response in Opposition and a Supplemental Response in Opposition.[1] Defendants filed a Reply to Gorrell's Supplemental Response in Opposition and an Amended Reply to Gorrell's Supplemental Response in Opposition. For the following reasons, Defendants' Renewed Motion to Dismiss should be **GRANTED**.

---

[1] The Court also considered the relevant portions of Gorrell's response in opposition to Defendants' first motion to dismiss, (Doc. No. 107), and Gorrell's sur-reply relating to the same motion to dismiss, (Doc. No. 112).

## STATEMENT OF THE CASE

This case arises out of Gorrell's placement in the segregated housing unit at FSL Jesup following a determination in a disciplinary proceeding that Gorrell was guilty of testing positive for cannabinoids via a urine test. Following a lengthy procedural history wherein some of Gorrell's claims and some Defendants have been dismissed, the claims that remain pending are for money damages against the following Defendants in their individual capacities based on the following allegations:

(1) Warden Haynes: Gorrell alleges that Warden Haynes is responsible for overseeing the prison and is in charge of all of the other Defendants.[2] Gorrell alleges that Warden Haynes failed to respond to his cop outs. Gorrell also alleges that Warden Haynes was aware that Gorrell was not getting prescribed medication, that Warden Haynes was aware that other Defendants did not respond to Gorrell's cop outs requesting grievance forms, that Warden Haynes was aware that the chief pharmacist did not respond to cop outs regarding Gorrell's medication, and that Warden Haynes was aware that the physician who prescribed Gorrell's medication was not responding to Gorrell. Gorrell alleges that he made Warden Haynes aware of all deficiencies he faced, and that Warden Haynes did not take any corrective action. Finally, Gorrell alleges that Warden Haynes' responses to Gorrell's formal remedy process grievances were fabricated.

(2) Schleder: Gorrell alleges that Schleder refused to give him copies of the evidence used in the disciplinary hearing. Gorrell also alleges that, in response to a formal grievance, Schleder denied that Gorrell ever asked for the evidence.

---

[2] This claim remains pending to the extent that it is not related to the disciplinary action taken against Gorrell.

\O 72A
Rev. 8/82)

(3) Lennon: Gorrell alleges that Lennon, as unit manager, is aware that there are policies in place that the members of his team are supposed to follow. Gorrell avers that he made Lennon aware of alleged violations of policies by Daniels. Gorrell also alleges that Lennon told him that he could only have one formal grievance form when he needed several.

(4) Daniels: Gorrell alleges that Daniels, as a counselor, was responsible for visiting him on a regular basis while he was in segregation. Gorrell avers that Daniels never visited him while he was in segregation. Additionally, Gorrell alleges that Daniels failed to answer several cop outs.

(5) Watson: Gorrell alleges that Watson, as the chief pharmacist, is responsible for ensuring that all medications are appropriate.[3] Gorrell also alleges that Watson did not respond to Gorrell's cop outs wherein he informed her that he was not getting his medicine.

(6) Dr. Libero: Gorrell alleges that Dr. Libero did not respond to cop outs. Gorrell avers that he informed Dr. Libero that he was not getting his medication. Gorrell further alleges that Dr. Libero never visited him while he was in segregation; Gorrell states that this was a violation of Bureau of Prisons policy. Finally, Gorrell alleges that he wrote a cop out to Dr. Libero requesting a change in medication, and Dr. Libero never responded.

Defendants contend that all of Gorrell's claims should be dismissed. Defendants state that they are entitled to qualified immunity as to each of Gorrell's claims; specifically, Defendants argue that Gorrell cannot show that his constitutional rights

---

[3] This claim remains pending to the extent that it is not related to the disciplinary action taken against Gorrell.

have been violated. Defendants also separately aver that Gorrell has failed to state a claim upon which relief may be granted because he has not shown that his constitutional rights have been violated. Finally, Defendants assert that Gorrell has not alleged facts sufficient to show that he suffered a compensable physical injury, which, according to them, is a necessary prerequisite to his claims.

## STANDARD OF REVIEW

To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a

4

sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

Qualified immunity protects a government official performing discretionary functions from suit in his individual capacity, so long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). The Supreme Court has established a two-part test to determine the applicability of qualified immunity. The court must determine (1) whether plaintiff's allegations, if true, establish a violation of a constitutional right, and (2) whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001);[4] Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original). Therefore, a defense of qualified immunity is properly decided on a motion to dismiss. Gonzalez, 325 F.3d at 1233.

---

[4] In Pearson v. Callahan, 555 U.S. 223, 236 (2009), the Supreme Court held that courts can exercise discretion in deciding which of the two Saucier prongs should be addressed first in light of the particular case at hand.

AO 72A
Rev. 8/82)

# DISCUSSION AND CITATION TO AUTHORITY

## I. Defendant Schleder

Gorrell alleges that Schleder refused to give him copies of the evidence used in the disciplinary hearing. Gorrell also alleges that, in response to a formal grievance, Schleder denied that Gorrell ever asked for the evidence.

A prisoner has a protected liberty interest in statutory good time credits, and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are denied or taken away. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Court of Appeals for the Eleventh Circuit has determined that an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Due process does not require that the prisoner be given copies of the evidence used at the disciplinary hearing. See Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752 (11th Cir. 2006). As a result, Schleder's refusal to provide Gorrell with copies of the evidence used in the disciplinary hearing did not violate Gorrell's due process rights. Nor did it violate any other of Gorrell's constitutional rights.

"[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest[.]" Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Consequently, Schleder's denial, in response to a formal grievance, that

Gorrell ever asked for the evidence used in the disciplinary hearing, did not violate any of Gorrell's constitutional rights.

Because Gorrell has not shown that Schleder violated any of his constitutional rights, he has failed to state a claim against Schleder under Bivens, and his claims against Schleder should be dismissed. Alternatively, Schleder is entitled to qualified immunity, and Gorrell's claims against Schleder should be dismissed.

## II. Defendant Daniels

Gorrell alleges that Daniels, as a counselor, was responsible for visiting him on a regular basis while he was in segregation. Gorrell avers that Daniels never visited him while he was in segregation. Additionally, Gorrell alleges that Daniels failed to answer several cop outs.

Because the prison's grievance procedure does not provide Gorrell with any constitutionally protected interest, Daniels' failure to respond to cop outs did not violate any of Gorrell's constitutional rights. Additionally, Defendant has not identified, and the Court has not found, any clearly established law stating that a counselor's failure to visit an inmate in segregation is a violation of the inmate's constitutional rights. Consequently, Gorrell has failed to state a claim against Daniels under Bivens, and his claims against Daniels should be dismissed. Alternatively, Daniels is entitled to qualified immunity, and Gorrell's claims against Daniels should be dismissed.

## III. Defendant Lennon

Gorrell alleges that Lennon, as unit manager, is aware that there are policies in place that the members of his team are supposed to follow. Gorrell avers that he made Lennon aware of alleged violations of policies by Daniels. Gorrell also alleges that

Lennon told him that he could only have one formal grievance form when he needed several.

Ordinarily, supervisors are not liable for the unconstitutional acts of their subordinates in a Bivens action. See Ashcroft, 129 S. Ct. at 1949. However,

> [s]upervisory liability lies where the defendant personally participates in the unconstitutional conduct or there is a causal connection between such conduct and the defendant's actions. There are three ways to establish such a causal connection: "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1236 (11th Cir. 2010) (quoting Cottone v. Jenne, 326 F. 3d 1352, 1360 (11th Cir. 2003)). Ultimately, supervisory liability presupposes unconstitutional acts by the supervisor's subordinate. Because Daniels' actions did not violate any of Gorrell's constitutional rights, no liability can be imposed on Lennon for his failure to correct Daniels' actions.

Because the prison's grievance procedure does not provide Gorrell with any constitutionally protected interest, Lennon's refusal to provide Gorrell with his desired number of grievance forms did not violate any of Gorrell's constitutional rights. Gorrell has not shown that Lennon violated any of his constitutional rights; therefore, he has failed to state a claim against Lennon under Bivens, and his claims against Lennon should be dismissed. Alternatively, Lennon is entitled to qualified immunity, and Gorrell's claims against Lennon should be dismissed.

Ɔ 72A
ev. 8/82)

## IV. Defendant Watson

Gorrell alleges that Watson, as the chief pharmacist, is responsible for ensuring that all medications are appropriate.[5] Gorrell also alleges that Watson did not respond to Gorrell's cop outs wherein he informed her that he was not getting his medicine. Gorrell has failed to allege that his medicine was inappropriate.[6] Therefore, he has not stated a claim against Watson for failure to ensure that his medication was appropriate.

Because the prison's grievance procedure does not provide Gorrell with any constitutionally protected interest, Watson's failure to respond to Gorrell's cop outs did not violate any of Gorrell's constitutional rights. To the extent that Gorrell intended his allegation that Watson did not respond to his cop outs wherein he informed her that he was not getting his medicine to be a claim for deliberate indifference under the Eighth Amendment, Gorrell has failed to state a claim for deliberate indifference. Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (internal punctuation and citation omitted). In order to prove a deliberate indifference claim, a prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). With regard to the second prong, the Court of Appeals for the Eleventh Circuit applies the Farmer standard "requiring that a defendant know of and disregard

---

[5] This claim remains pending to the extent that it is not related to the disciplinary action taken against Gorrell.

[6] Gorrell alleged that his medication was inappropriate in that it resulted in a false positive on a drug test; however, that claim was dismissed in the Order dated July 23, 2012, (Doc. No. 124).

9

an excessive risk to an inmate's health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). To show a violation of the Farmer standard, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327 (alteration in original) (citation omitted). Gorrell does not allege that Watson was responsible for ensuring that he received his medication. Gorrell does not allege that Watson intentionally withheld his medication. Nor has Gorrell shown that Watson did not correct any lapses in the receipt of his medication. Gorrell simply alleges that Watson did not respond to his cop outs regarding the temporary cessations in his receipt of his medication. Gorrell has not pled facts sufficient to state a claim for deliberate indifference against Watson.

Because Gorrell has not shown that Watson violated any of his constitutional rights, he has failed to state a claim against Watson under Bivens, and his claims against Watson should be dismissed. Alternatively, Watson is entitled to qualified immunity, and Gorrell's claims against Watson should be dismissed.

## V. Defendant Dr. Libero

Gorrell alleges that Dr. Libero did not respond to cop outs. Gorrell avers that he informed Dr. Libero that he was not getting his medication.[7] Gorrell further alleges that Dr. Libero never visited him while he was in segregation; Gorrell states that this was a violation of Bureau of Prisons policy. Finally, Gorrell alleges that he wrote a cop out to Dr. Libero requesting a change in medication, and Dr. Libero never responded.

---

[7] The Court infers that Gorrell provided this information to Dr. Libero via cop outs because Dr. Libero never visited Gorrell while he was in segregation.

10

Because the prison's grievance procedure does not provide Gorrell with any constitutionally protected interest, Dr. Libero's failure to respond to Gorrell's cop outs did not violate any of Gorrell's constitutional rights. To the extent that Gorrell intended his allegations that Dr. Libero did not respond to his cop outs wherein he informed Dr. Libero that he was not getting his medicine and that he wanted to change his medication to be a claim for deliberate indifference under the Eighth Amendment, Gorrell has failed to state a claim for deliberate indifference. Gorrell does not allege that Dr. Libero was responsible for ensuring that he received his medication. Gorrell does not allege that Dr. Libero intentionally withheld his medication. Nor has Gorrell shown that Dr. Libero did not correct any lapses in the receipt of his medication. Gorrell also has not shown that Dr. Libero disregarded a risk of serious harm to Gorrell by not changing Gorrell's medication. Gorrell simply alleges that Dr. Libero did not respond to his cop outs regarding the temporary cessations in his receipt of his medication and his desire to change his medicine. Gorrell has not pled facts sufficient to state a claim for deliberate indifference against Dr. Libero.

Defendant has not identified, and the Court has not found, any clearly established law stating that a prison doctor's failure to visit an inmate in segregation is a violation of the inmate's constitutional rights. To the extent that Gorrell intended for this allegation to be a claim for deliberate indifference under the Eighth Amendment, Gorrell has failed to state a claim for deliberate indifference. Gorrell alleges that Dr. Libero's failure to visit him was a violation of Bureau of Prisons policy; but Gorrell does not allege that by failing to visit him Dr. Libero disregarded a risk of serious harm to Gorrell.

Because Gorrell has not shown that Dr. Libero violated any of his constitutional rights, Gorrell has failed to state a claim against Dr. Libero under Bivens, and his claims against Dr. Libero should be dismissed. Alternatively, Dr. Libero is entitled to qualified immunity, and Gorrell's claims against Dr. Libero should be dismissed.

## VI. Defendant Warden Haynes

Gorrell alleges that Warden Haynes is responsible for overseeing the prison and is in charge of all of the other Defendants.[8] Gorrell alleges that Warden Haynes failed to respond to his cop outs. Gorrell also alleges that Warden Haynes was aware that Gorrell was not getting prescribed medication, that Warden Haynes was aware that other Defendants did not respond to Gorrell's cop outs requesting grievance forms, that Warden Haynes was aware that the chief pharmacist did not respond to cop outs regarding Gorrell's medication, and that Warden Haynes was aware that the physician who prescribed Gorrell's medication was not responding to Gorrell. Gorrell alleges that he made Warden Haynes aware of all deficiencies he faced, and that Warden Haynes did not take any corrective action. Finally, Gorrell alleges that Warden Haynes' responses to Gorrell's formal remedy process grievances were fabricated.

Because the prison's grievance procedure does not provide Gorrell with any constitutionally protected interest, Warden Haynes' failure to respond to Gorrell's cop outs and Warden Haynes' alleged untruthful responses to formal grievances did not violate any of Gorrell's constitutional rights. To the extent that Gorrell intended his allegations that Warden Haynes was aware that Gorrell was not getting prescribed medication, that Warden Haynes was aware that the chief pharmacist did not respond

---

[8] This claim remains pending to the extent that it is not related to the disciplinary action taken against Gorrell.

12

to cop outs regarding Gorrell's medication, and that Warden Haynes was aware that the physician who prescribed Gorrell's medication was not responding to Gorrell to be a claim for deliberate indifference under the Eighth Amendment, Gorrell has failed to state a claim for deliberate indifference. Gorrell does not allege that Warden Hayes was responsible for ensuring that he received his medication. Gorrell does not allege that Warden Haynes intentionally withheld his medication. Nor has Gorrell shown that Warden Haynes did not correct any lapses in the receipt of his medication. Gorrell simply alleges that Warden Haynes was aware of the temporary cessations in his receipt of his medication and his desire to communicate with the chief pharmacist and the physician who prescribed his medication. Gorrell has not pled facts sufficient to state a claim for deliberate indifference against Warden Haynes.

Supervisory liability presupposes unconstitutional acts by the supervisor's subordinate. Because no other Defendant's actions violated any of Gorrell's constitutional rights, no liability can be imposed on Warden Haynes for his failure to correct his subordinate's actions.

Because Gorrell has not shown that Warden Haynes violated any of his constitutional rights, he has failed to state a claim against Warden Haynes under Bivens, and his claims against Warden Haynes should be dismissed. Alternatively, Warden Haynes is entitled to qualified immunity, and Gorrell's claims against Warden Haynes should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. Because Gorrell has not shown that any of his constitutional rights have been violated, his allegations fail to state a claim under <u>Bivens</u>. Alternatively, all Defendants are entitled to qualified immunity.

**SO REPORTED AND RECOMMENDED**, this 4th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE