IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WILSON GORRELL, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: CV211-129 |
| ANTHONY HAYNES; SCOTT SCHLEDER; K. LENNON; DAVID DANIELS; NINA WATSON; and PETER LIBERO, M.D., | : |
| Defendants. | : |

## O R D E R

Plaintiff Wilson Gorrell ("Gorrell") filed Objections to the Magistrate Judge's Report dated September 4, 2012, which recommended that Defendants' Renewed Motion to Dismiss be granted. After an independent and de novo review of the record, the undersigned agrees with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge determined that, as to each Defendant, Gorrell failed to state a claim for any constitutional violation, or, in the alternative, that each Defendant is entitled to qualified immunity. In his Objections, Gorrell first argues that the relevant Report contravenes the undersigned's Order dated July 23, 2012. In that Order, the undersigned adopted in part a previous report issued by the Magistrate Judge and dismissed certain of Gorrell's claims. The undersigned allowed other of Gorrell's claims to proceed. The Magistrate Judge has now recommended dismissal of those claims on bases other than his previous recommendations of dismissal. The undersigned has not

yet ruled on whether Gorrell's remaining claims are subject to dismissal based on failure to state a claim or qualified immunity. For that reason, the relevant Report does not contravene the undersigned's Order dated July 23, 2012.

Next, Gorrell restates many of the allegations brought in previous documents. Gorrell has been repeatedly informed, by the Magistrate Judge and by the undersigned, as to which of his allegations against which Defendants remain pending. Only those allegations chronicled for Gorrell in the undersigned's Order dated July 23, 1012, remain pending in this action.

Gorrell next argues that he has viable deliberate indifference claims against many Defendants. The only Defendants against whom Gorrell has any potential deliberate indifference allegations pending are Watson, Dr. Libero, and Warden Haynes. Gorrell cites a number of cases wherein deliberate indifference was found because a prisoner was denied HIV medication. For instance, Gorrell cites Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), and Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002), in support of his deliberate indifference allegations. However, Brown and Montgomery are distinguishable from Gorrell's case. In Brown, "[t]he defendants were aware of Brown's diagnosis with HIV and hepatitis, but completely withdrew the prescribed treatment for Brown's illness." Brown, 387 F.3d at 1351. In Montgomery, the plaintiff alleged that "the defendants refused to provide him with the antiviral medications[.]" Montgomery, 294 F.3d at 500. Gorrell does not allege that any Defendant withdrew his HIV treatment or that any Defendant refused him medication. Instead, Gorrell alleges that Watson did not respond to his cop outs wherein he

informed her that he was not getting his medicine. The Magistrate Judge determined that

> Gorrell does not allege that Watson was responsible for ensuring that he received his medication. Gorrell does not allege that Watson intentionally withheld his medication. Nor has Gorrell shown that Watson did not correct any lapses in the receipt of his medication. Gorrell simply alleges that Watson did not respond to his cop outs regarding the temporary cessations in his receipt of his medication. Gorrell has not pled facts sufficient to state a claim for deliberate indifference against Watson.

(Doc. No. 141, p. 10). The Court agrees.

Gorrell alleges that Dr. Libero did not respond to his cop outs wherein he informed Dr. Libero that he was not getting his medicine, that Dr. Libero never visited him while he was in segregation, and that Dr. Libero did not respond to his request for a change in medication. The Magistrate Judge determined that

> Gorrell does not allege that Dr. Libero was responsible for ensuring that he received his medication. Gorrell does not allege that Dr. Libero intentionally withheld his medication. Nor has Gorrell shown that Dr. Libero did not correct any lapses in the receipt of his medication. Gorrell also has not shown that Dr. Libero disregarded a risk of serious harm to Gorrell by not changing Gorrell's medication. Gorrell simply alleges that Dr. Libero did not respond to his cop outs regarding the temporary cessations in his receipt of his medication and his desire to change his medicine. Gorrell has not pled facts sufficient to state a claim for deliberate indifference against Dr. Libero. . . . Gorrell alleges that Dr. Libero's failure to visit him was a violation of Bureau of Prisons policy; but Gorrell does not allege that by failing to visit him Dr. Libero disregarded a risk of serious harm to Gorrell.

(Id. at 11). The Court agrees.

Gorrell alleges that Warden Haynes did not respond to his cop outs wherein he informed Warden Haynes that he was not getting his medicine, that Warden Haynes was aware that the Watson did not respond to cop outs regarding his medication, and

3

that Warden Haynes was aware that Dr. Libero was not responding to his cop outs. The Magistrate Judge determined that

> Gorrell does not allege that Warden Hayes was responsible for ensuring that he received his medication. Gorrell does not allege that Warden Haynes intentionally withheld his medication. Nor has Gorrell shown that Warden Haynes did not correct any lapses in the receipt of his medication. Gorrell simply alleges that Warden Haynes was aware of the temporary cessations in his receipt of his medication and his desire to communicate with the chief pharmacist and the physician who prescribed his medication. Gorrell has not pled facts sufficient to state a claim for deliberate indifference against Warden Haynes.

(Id. at 13). The Court agrees.

Gorrell also cites Verser v. Elyea, 113 F. Supp. 2d 1211, (N.D. Ill. 2000), for the proposition that denial of a grievance can amount to deliberate indifference. Again, Gorrell's case is distinguishable. In Verser, the officials denied grievances alleging total deprivation of medical attention. See id. at 1213–14. As noted above, Gorrell grieved temporary cessations in receiving his medicine and the desire for a change in medicine to which Defendants failed to respond. As Gorrell noted in his Objections, "[t]here is no liability for an official's failure to alleviate a significant risk that he should have perceived but did not[.]" Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996) (internal punctuation and citation omitted). Gorrell's allegations are insufficient to show that Defendants actually perceived any risk regarding his HIV medication cessation.[1] Finally, Gorrell cites a number of cases wherein deliberate indifference was found

---

[1] It can also be noted that Verser is only persuasive authority. Under Eleventh Circuit case law, "a prison grievance procedure does not provide an inmate with a constitutionally protected interest[.]" Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Therefore, denial or rejection of a grievance is not sufficient to state a cause of action for violation of an inmate's constitutional rights. See Asad v. Crosby, 158 F. App'x 166, 170–72 (11th Cir. 2005) (affirming the district court's dismissal of the plaintiff's supervisory liability claims against two defendants which were based, in part, on the plaintiff's assertion that these defendants should be liable based on the denial of administrative relief); Pressley v. Beard, 2005 WL 2347369 *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials for failing to take corrective action following the plaintiff's unsuccessful grievance).

4

because officials interfered with a prisoner's medical treatment. Gorrell did not allege that any Defendant intentionally interfered with the receipt of his HIV medication.

Gorrell also argues that he has viable claims arising out of the inmate grievance procedure. Gorrell alleges deprivation of his rights based on grievances and cop outs against each of the remaining Defendants. As discussed in <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1177 (11th Cir. 2011), and the Magistrate Judge's Report, "a prison grievance procedure does not provide an inmate with a constitutionally protected interest[.]" Gorrell argues that the grievance procedure is a corollary to his First Amendment right to access the courts. Assuming without deciding that Gorrell's argument is meritorious, he still does not state a claim based on allegations relating to grievances and cop outs. As Gorrell points out in his Objections, "[t]o have standing to seek relief under [the right of access to the courts], a plaintiff must show actual injury by demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded." <u>Jackson v. State Bd. of Pardons and Paroles</u>, 331 F.3d 790, 797 (11th Cir. 2003) (second, third, and fourth alterations in original) (internal punctuation and citation omitted). Gorrell has not suffered any actual injury as the result of the alleged interferences with the grievance procedure and his cop outs as shown by the fact that he brought his claims in the instant case. Therefore, even assuming Gorrell's argument that his allegations are proper First Amendment claims has merit, Gorrell has not stated a claim.

Gorrell's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Defendants' Renewed Motion to Dismiss

is **GRANTED**. Gorrell's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this \_\_3\_\_ day of \_\_January\_\_, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA